IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

ARIEL DINES,

    Plaintiff

v.                                            C.A. No.:   4:21-cv-803

RUDRA LODGING, LP,
and VIJAY PATEL,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ARIEL DINES (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, sues Defendants, RUDRA LODGING, LP, and VIJAY PATEL (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

### INTRODUCTION

1. This is an action by Plaintiff against her employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

### JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331,

as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, RUDRA LODGING, LP, has offices Denton County, Texas.

## THE PARTIES

4.     Plaintiff, ARIEL DINES, is an individual residing in Rockwall County, Texas.

5.     Plaintiff, ARIEL DINES, was employed by Defendants from September 24, 2020, until April 30, 2021 as a "Front Desk Clerk," at the regular rate of $12.50 per hour.  Plaintiff's principle duties were checking in/out guests; answering telephone calls; providing guests with direction to their rooms; informing guests of all on-site amenities; taking call in and walk in reservations; sending and receiving facsimiles; and processing payments.

6.     Plaintiff's job activities included such activities as transacting business across state lines via interstate telephone calls, interstate facsimiles, and handling credit card transactions that involve the interstate banking and finance systems.

7.     Defendant, RUDRA LODGING, LP, is a domestic limited partnership organized under the laws of the State of Texas and maintains offices in Denton County, Texas.

8. Defendant, RUDRA LODGING, LP, is a company that is primarily engaged in the operations of hotels, and is a covered employer as defined by 29 U.S.C. § 203(d).

9. Defendant, RUDRA LODGING, LP, has two or more employees and sales or business done in excess of $500,000.00 per year.

10. Defendant, VIJAY PATEL, is an individual residing in Denton County, Texas.

11. Defendant, VIJAY PATEL, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, RUDRA LODGING, LP, in relationship to Plaintiff's employment; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

12. Defendant, VIJAY PATEL, (1) possessed the power to hire and fire Plaintiff, (2) supervised and controlled employee work schedules or conditions of employment of Plaintiff, (3) determined the rate and method of payment to Plaintiff, and (4) maintained employment records of Plaintiff.

13. At all times material to this Complaint, Defendants were the employer of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for her employment.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

14. Plaintiff 1) occupied the position of "Front Desk Clerk;" 2) did not hold

a position considered as exempt under the FLSA; and, 3) was paid on an straight hourly basis.

15. Defendants' management required Plaintiff to work in excess of 40 hours in a workweek.

16. Plaintiff was not paid for her overtime work in accordance with the FLSA.

17. Throughout the employment of Plaintiff, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

18. Specifically, Plaintiff was never paid any additional half-time premium for the work performed for Defendants that was in excess of 40 hours in a workweek.

19. The work schedules for the Plaintiff required her to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

20. Plaintiff worked numerous workweeks wherein she worked in excess of 40 hours in workweek but was only paid her regular hourly rate for all hours worked.

21. Defendant's policy of not properly paying overtime was willful.

22. Defendant either knew about or showed reckless disregard for the

matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as employers under the FLSA.

23. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

24. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

25. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, ARIEL DINES, demands Judgment against Defendant for the following:

a. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, ARIEL DINES, demands a jury trial on all issues so triable.

Respectfully submitted this June 30, 2021

        **ROSS • SCALISE LAW GROUP**
        1104 San Antonio Street
        Austin, Texas 78701
        (512) 474-7677 Telephone
        (512) 474-5306 Facsimile
        Charles@rosslawpc.com

        */s/ Charles L. Scalise*

        **CHARLES L. SCALISE**
        Texas Bar No. 24064621
        **DANIEL B. ROSS**
        Texas Bar No. 789810


        Steven R. Samples
        Texas Bar No. 24086348
        Samples Ames PLLC
        1512 Crescent Drive, Suite 119
        Carrollton, Texas 75006
        Phone: (214) 308-6505
        Fax: (855) 605-1505

        **ATTORNEYS FOR PLAINTIFF**